UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DAYMIRI BUERGO,

Plaintiff,

vs.

INTERVAL INTERNATIONAL, INC.,
a Florida For-Profit Corporation, and
MARRIOTT VACATIONS WORLDWIDE CORPORATION,
a Foreign For-Profit Corporation,

Defendants.
_______________________________________________/

**COMPLAINT**

Plaintiff, DAYMIRI BUERGO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, INTERVAL INTERNATIONAL, INC. and MARRIOTT VACATIONS WORLDWIDE CORPORATION ("Defendants"), and in support avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for declaratory and injunctive relief and for damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), and pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, sex, national origin, retaliation, age and hostile work environment.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.
4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.
5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.
6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.
7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.
8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.
9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice of Right to Sue. Plaintiff is now timely filing suit.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff, who is a Hispanic female of Cuban descent, born in Cuba and over the age of forty (40), was employed by Defendant as a Data and Print Production Manager and was subject to discrimination, harassment, and a hostile work environment from on or about May 2017 to January 2024.

13. Plaintiff had problems with her Direct Manager, Andrew Lennie (Caucasian from the United Kingdom), who was the Assistant Vice President of Data and Print Production for Interval International, Inc.

14. Since the time Plaintiff began working with Interval International, Andrew Lennie has made derogatory offensive and demeaning comments to Plaintiff and untruthful statements about her to Plaintiff's coworkers.

15. The comments Lennie made to Plaintiff involved her buttocks; Lennie would mock Plaintiff saying she has a "stripper" name when introducing Plaintiff to a vendor.

16. Andrew would direct jokes to Plaintiff about Cubans coming from Cuba on rafts (Plaintiff came to the United States in an airplane from Guantanamo, Cuba, during the 1994 exodus).

17. Andrew reduced the number of employers in Plaintiff's department to one person working in her department besides herself when other male managers have not had their staff reduced.

18. Plaintiff has repeatedly complained to Human Resources and management about her problems with Andrew Lennie to no avail.

19. Plaintiff considered resigning from her employment on February 20, 2023, but Plaintiff's managers convinced her to stay.
20. Andrew Lennie was advised that his treatment appeared to target Plaintiff in an effort to get her to quit her job.
21. Afterwards, Andrew Lennie blamed Plaintiff for all of the negative feedback he was receiving from his supervisors.
22. Andrew Lennie continued to retaliate against Plaintiff saying she was not smart as a female and that she did not know how to work on a computer.
23. Oddly, Andrew stated in an email with two other women on the email chain, that the difficulty of the database work was making his sphincter pucker (or words to that effect).
24. Andrew Lennie did not make these statements with other men.
25. During the discriminatory actions Defendant, Interval International, Inc., jointly employed Plaintiff with Defendant, Marriott Vacations Worldwide Corporation.
26. Plaintiff was terminated on October 2, 2023.
27. Afterwards, Plaintiff was informed by Madeline Berges (Vice President of Global Marketing), who was the supervisor of Andrew Lennie, that they were making changes in the department and advised Plaintiff that she may be able to return to work.
28. Plaintiff expressed to her that she did not feel comfortable returning if Andrew Lennie was there since he had discriminated against her and subjected her to a hostile work environment.
29. Madeline Berges said that there could be changes in that aspect but that she was not allowed to specify if Andrew Lennie would be terminated or not.

30. Madeline Berges told Plaintiff that there would be two positions that would be opening for the department where she was previously working at the distribution center. She advised Plaintiff to apply because Defendants would like to have her back.

31. Madeline Berges advised Plaintiff that she should apply for the position at the beginning of January 2024.

32. Plaintiff applied for this position on the second week of January 2024. Without an interview she ended up receiving a call followed by an email on January 17, 2024, from Soraya Mulet (Human Resources Director) stating that she had filled the positions with other candidates.

33. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

34. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

35. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I**
***Retaliation in Violation of the FCRA against***
***INTERVAL INTERNATIONAL, INC.***

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

37. Defendant is an employer as that term is used under the applicable statutes referenced above.

38. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

39. The foregoing unlawful acts by Defendant were purposeful.

40. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints with HR, and the adverse employment action taken thereafter.

41. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

42. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT II**
***Discrimination Based on Age in Violation of the FCRA against INTERVAL INTERNATIONAL, INC.***

43. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

44. Plaintiff is a member of a protected class under the FCRA, to which, Plaintiff is over forty (40) years of age.

45. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

46. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

47. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

49. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

52. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

53. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

54. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT III

***Discrimination Based on National Origin in Violation of the FCRA against INTERVAL INTERNATIONAL, INC.***

55. Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 35 of this Complaint as if set out in full herein.

56. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Status Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to

discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

57. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

58. Plaintiff is a member of a protected class under the FCRA.

59. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

60. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's national origin is Hispanic. Plaintiff was born in Cuba.

61. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

62. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

63. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

64. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

65. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

66. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

67. The representatives, and the Defendant's failure to make prompt remedial action to conduct of Defendant, by and through the conduct of its agents, employees, and/or prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

68. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
***Sex Discrimination in Violation of the FCRA against INTERVAL INTERNATIONAL, INC.***

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this Complaint as if set out in full herein.

71. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statues Section 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.

72. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex considerations or reasons

73. Plaintiff is a female former employee of Defendant and is a member of a class of persons protected from discrimination in their employment under the applicable statute, the FCRA.

74. At all times material hereto, Plaintiff possessed the requisite qualifications and skills necessary to perform the essential duties of her position with Defendant.

75. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to discrimination and harassment based on her sex.

76. Such discrimination was based on Plaintiff's sex in that Plaintiff would not have been the object of discrimination and harassment but for the fact that Plaintiff is a female.

77. At all times material hereto, Defendant was made aware of the harassment which Plaintiff had endured based on her being a female.

78. Defendant did not take any reasonable or meaningful actions to address Plaintiff's complaints regarding the discrimination complained of herein.

79. As a direct and proximate result of the Defendant's unlawful acts, as alleged herein, Plaintiff has suffered great and irreparable economic harm and other associated losses, including, but not limited to, the deprivation of her rights, exposure to ridicule and embarrassment, and emotional distress and damage.

80. Moreover, as a further result of the Defendant's unlawful, sex-based discrimination towards Plaintiff, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

81. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

82. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

83. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

84. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

85. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and done with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

86. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorney's fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**

***Discrimination based on Race and Color in Violation of the FCRA against INTERVAL INTERNATIONAL, INC.***

87. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this Complaint as if set out in full herein.

88. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, national origin, racial considerations, or color-based reasons.

89. The Plaintiff possessed the requisite qualifications and skills to perform the position for The Defendant.

90. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non- Hispanic employees were allowed opportunities not given to Plaintiff due to Plaintiff's race and color.

91. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

92. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against The Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and
B. Award Plaintiff as to this count prejudgment interest; and
C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and
D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.
E. Plaintiff demands a trial by jury.

**COUNT VI**
***Hostile Work Environment in Violation of the FCRA against INTERVAL INTERNATIONAL, INC.***

93. Plaintiff re-adopts each and every factual allegation as stated in 1-35 of this Complaint as if set out in full herein.
94. Defendant is an employer as that term is used under the applicable statutes referenced above.
95. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff's under the FCRA.
96. Plaintiff, as a Hispanic female over 40 years old, is within a protected class as envisioned by the FCRA.
97. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of

Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was ultimately constructively terminated.

98. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

99. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

100. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and Grant such other and further relief as the Court deems just and proper

**COUNT VII**
***Race Discrimination in Violation of 42 U.S.C. § 1981 against INTERVAL INTERNATIONAL, INC.***

101. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

102. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

103. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

104. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Hispanic female.

105. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

106. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

107. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

108. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

109. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

110. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

111. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

112. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1981, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VIII**
***Retaliation in Violation of 42 U.S.C. § 1981 against INTERVAL INTERNATIONAL, INC.***

113. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

114. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

115. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

116. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

117. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

118. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

119. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

120. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

121. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX

***Hostile Work Environment in Violation of 42 U.S.C. § 1981 against INTERVAL INTERNATIONAL, INC.***

122. Plaintiff re-adopts each and every factual allegation as stated in 1-35 of this Complaint as if set out in full herein.

123. Defendant is an employer as that term is used under the applicable statutes referenced above.

124. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under 42 U.S.C. § 1981.

125. Plaintiff as a Cuban female over 40 years of age, is within a protected class as envisioned by the 42 U.S.C. § 1981.

126. During her employment with Defendant, Andrew Lennie subjected Plaintiff to unwelcome harassment.

127. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a Cuban female, over 40 years of age. The harassment was decidedly severe, as Andrew Lennie had continuously harassed Plaintiff for her age, sex, race and national origin.

128. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was ultimately terminated.

129. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary

action was undertaken.

130. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

131. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the 42 U.S.C. § 1981, by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the 42 U.S.C. § 1981.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury.

J. Grant such other and further relief as the Court deems just and proper.

**<u>COUNT X</u>**
***Discrimination Based on Age in Violation of the ADEA against INTERVAL INTERNATIONAL, INC.***

132. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

133. Plaintiff is a member of a protected class under the ADEA, to with Plaintiff is over forty (40) years of age.

134. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

135. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

136. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination based on Plaintiff's age was unlawful but acted in reckless disregard of the law.

137. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

138. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

139. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

140. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to justify the discriminatory nature of their conduct.

141. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

142. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

143. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADEA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the ADEA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT XI

### *Violation of the ADEA: Hostile Work Environment against INTERVAL INTERNATIONAL, INC.*

144. Plaintiff pursuant to the Age Discrimination in Employment Act, sues Defendant, and re-alleges as set forth herein paragraphs 1 through 35 of this initial complaint and states:

145. Defendant is an employer as that term is used under the applicable statutes referenced above.

146. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the Age Discrimination in Employment Act.

147. Plaintiff, as a female over the age of 40 (forty), is within a protected class as envisioned by the Age Discrimination in Employment Act.

148. During her employment with Defendant, Plaintiff was subjected to unwelcome harassment.

149. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a Cuban female over the age of 40 (forty). The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff.

150. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse.

151. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

152. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

153. These damages are continuing and are permanent.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant; find that the Defendant indeed violated the ADEA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of ADEA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## **COUNT XII**
### ***Retaliation in Violation of the ADEA against INTERVAL INTERNATIONAL, INC.***

154. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

155. Plaintiff is a member of a protected class under the ADEA.

156. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

157. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Age was unlawful but acted in reckless disregard of the law.

158. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

159. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

160. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

161. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with

the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT XIII
### *Violation of Title VII of Civil Right Act of 1964: Discrimination based on National Origin against INTERVAL INTERNATIONAL, INC.*

162. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1 through 35 of this initial complaint.

163. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin."

164. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff being a Hispanic female of Cuban descent.

165. Defendant's decision to discriminate against Plaintiff was because of Plaintiff being a Hispanic female of Cuban descent.

166. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff is a Hispanic female of Cuban descent.

167. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

168. The Plaintiff was qualified for the position apart from her apparent national origin.

169. The Plaintiff was discriminated against by her Direct Manager because she is Hispanic female of Cuban descent.

170. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

171. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her national origin in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

172. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

173. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to her national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant; find that the Defendant indeed violated Title VII of Civil Right Act of 1964 and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of Title VII of Civil Right Act of 1964;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury.

J. Grant such other and further relief as the Court deems just and proper.

**COUNT XIV**
***Violation of Title VII of Civil Right Act of 1964: Retaliation against INTERVAL INTERNATIONAL, INC.***

174. Paragraphs 1-35 are hereby realleged and reincorporated as if set forth in full herein.

175. Defendant is an employer as that term is used under the applicable statutes referenced above.

176. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Title VII, 42 U.S.C § 2000e et seq.

177. The foregoing unlawful actions by Defendant were purposeful.

178. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

179. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

180. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

181. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff prays that this Court will:

A. Declare that the acts complained of herein are in violation of Title VII of Civil Right Act of 1964.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin and/or gender and/or pregnancy.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104).

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

J. Grant Plaintiff a trial by jury.

K. Grant such other and further relief as the Court deems just and proper.

**COUNT XV**

***Violation of Title VII of Civil Right Act of 1964: Discrimination Based on Race against INTERVAL INTERNATIONAL, INC.***

182. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1 through 35 of this initial complaint and states:

183. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin."

184. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

185. Defendant's decision to discriminate against Plaintiff was because of Plaintiff being Hispanic female of Cuban descent.

186. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Hispanic female of Cuban descent.

187. At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

188. The Plaintiff was qualified for the position apart from her apparent race.

189. The Plaintiff was discriminated against by her supervisor because she is a Hispanic female

190. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

191. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

192. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

193. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

194. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her race.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

**COUNT XVI**

***Violation of Title VII of Civil Right Act of 1964: Discrimination Based on Sex against INTERVAL INTERNATIONAL, INC.***

195. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

196. Plaintiff is a member of a protected class under the of Title VII of Civil Right Act of 1964.

197. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

198. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is male.

199. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

200. At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

201. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

202. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

203. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

204. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

205. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII of Civil Right Act of 1964, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's

rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XVII**

***Violation of Title VII of Civil Right Act Of 1964: Hostile Work Environment. Against INTERVAL INTERNATIONAL, INC.***

206. Plaintiff re-adopts each and every factual allegation as stated in 1-35 of this Complaint as if set out in full herein.

207. Defendant is an employer as that term is used under the applicable statutes referenced above.

208. The foregoing allegations establish a cause of action for the foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff under Title VII of the Civil Rights Act of 1964.

209. Plaintiff as a Hispanic female is within a protected class as envisioned by Title VII of Civil Right Act of 1964.

210. During her employment with Defendant, Andrew Lennie subjected Plaintiff to unwelcome harassment.

211. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a Hispanic female. The harassment was decidedly severe, as Andrew Lennie had continuously harassed Plaintiff.

212. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as he continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when was terminated.

213. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

214. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

215. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, sex or national

origin.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her race.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

**COUNT XVIII**
***Retaliation in Violation of the FCRA against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

216. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

217. Defendant is an employer as that term is used under the applicable statutes referenced above.

218. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

219. The foregoing unlawful acts by Defendant were purposeful.

220. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between

the engagement of the statutorily protected activity, Plaintiff's complaints with HR, and the adverse employment action taken thereafter.

221. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

222. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT XIX**

***Discrimination Based on National Origin in Violation of the FCRA against MARRIOTT VACATIONS WORLDWIDE CORPORATION***

223. Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 35 of this Complaint as if set out in full herein.

224. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Status Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

225. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

226. Plaintiff is a member of a protected class under the FCRA.

227. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

228. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's national origin is Hispanic. Plaintiff was born in Cuba.

229. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

230. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

231. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

232. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

233. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

234. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

235. The representatives, and the Defendant's failure to make prompt remedial action to conduct of Defendant, by and through the conduct of its agents, employees, and/or prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

236. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to

State law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

237. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XX**
***Discrimination Based on Sex in Violation of the FCRA against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

238. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this Complaint as if set out in full herein.

239. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statues Section 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.

240. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex considerations or reasons

241. Plaintiff is a female former employee of Defendant and is a member of a class of persons protected from discrimination in their employment under the applicable statute, the FCRA.

242. At all times material hereto, Plaintiff possessed the requisite qualifications and skills necessary to perform the essential duties of her position with Defendant.

243. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to discrimination and harassment based on her sex.

244. Such discrimination was based on Plaintiff's sex in that Plaintiff would not have been the object of discrimination and harassment but for the fact that Plaintiff is a female.

245. At all times material hereto, Defendant was made aware of the harassment which Plaintiff had endured based on her being a female.

246. Defendant did not take any reasonable or meaningful actions to address Plaintiff's complaints regarding the discrimination complained of herein.

247. As a direct and proximate result of the Defendant's unlawful acts, as alleged herein, Plaintiff has suffered great and irreparable economic harm and other associated losses, including, but not limited to, the deprivation of her rights, exposure to ridicule and embarrassment, and emotional distress and damage.

248. Moreover, as a further result of the Defendant's unlawful, sex-based discrimination towards Plaintiff, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

249. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

250. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

251. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

252. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

253. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and done with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

254. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorney's fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XXI
***Discrimination based on Race and Color in Violation of the FCRA against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

255. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this Complaint as if set out in full herein.

256. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, national origin, racial considerations, or color-based reasons.

257. The Plaintiff possessed the requisite qualifications and skills to perform the position for The Defendant.

258. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non- Hispanic employees were allowed opportunities not given to Plaintiff due to Plaintiff's race and color.

259. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

260. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against The Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

E. Plaintiff demands a trial by jury.

**COUNT XXII**
***Hostile Work Environment in Violation of the FCRA against INTERVAL INTERNATIONAL, INC.***

261. Plaintiff re-adopts each and every factual allegation as stated in 1-35 of this Complaint as if set out in full herein.

262. Defendant is an employer as that term is used under the applicable statutes referenced above.

263. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff's under the FCRA.

264. Plaintiff, as a Hispanic female over 40 years old, is within a protected class as envisioned by the FCRA.

265. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was ultimately constructively terminated.

266. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

267. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

268. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and Grant such other and further relief as the Court deems just and proper

**COUNT XXIII**
***Race Discrimination in Violation of 42 U.S.C. § 1981 against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

269. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

270. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

271. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

272. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Hispanic female.

273. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

274. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

275. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

276. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

277. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

278. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

279. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

280. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1981, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XXIV**
***Retaliation in Violation of 42 U.S.C. § 1981 against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

281. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

282. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

283. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

284. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

285. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

286. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

287. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

288. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

289. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XXV**
***Hostile Work Environment in Violation of 42 U.S.C. § 1981 against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

290. Plaintiff re-adopts each and every factual allegation as stated in 1-35 of this Complaint as if set out in full herein.

291. Defendant is an employer as that term is used under the applicable statutes referenced above.

292. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under 42 U.S.C. § 1981.

293. Plaintiff as a Hispanic female born in Cuba over 40 years of age, is within a protected class as envisioned by the 42 U.S.C. § 1981.

294. During her employment with Defendant, Andrew Lennie subjected Plaintiff to unwelcome harassment.

295. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a Hispanic female born in Cuba, over 40 years of age. The harassment was decidedly severe, as Andrew

Lennie had continuously harassed Plaintiff for her age, sex, race and national origin.

296. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was ultimately terminated.

297. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

298. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

299. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the 42 U.S.C. § 1981 by failing to remedy this hostile work environment; and in addition, order the following additional relief:

**A.** Declare that the acts complained of herein are in violation of 42 U.S.C. § 1981.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors,

assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT XXVI**

***Violation of Title VII of Civil Right Act of 1964: Discrimination based on National Origin against* MARRIOTT VACATIONS WORLDWIDE CORPORATION**

300. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1 through 35 of this initial complaint.

301. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an

employee, because of such individual's race, color, religion, sex, or national origin."

302. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff being Hispanic female of Cuban descent.

303. Defendant's decision to discriminate against Plaintiff was because of Plaintiff being Hispanic female of Cuban descent.

304. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff is Hispanic female of Cuban descent.

305. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

306. The Plaintiff was qualified for the position apart from her apparent national origin.

307. The Plaintiff was discriminated against by her manager of the Company because she is Hispanic female of Cuban descent.

308. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

309. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

310. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her national origin in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

311. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

312. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's

rights protecting a person from discrimination due to her national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant; find that the Defendant indeed violated Title VII of Civil Right Act of 1964 and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of Title VII of Civil Right Act of 1964.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT XXVII

***Violation of Title VII of Civil Right Act of 1964: Retaliation against MARRIOTT VACATIONS WORLDWIDE CORPORATION***

313. Paragraphs 1-35 are hereby realleged and reincorporated as if set forth in full herein.

314. Defendant is an employer as that term is used under the applicable statutes referenced above.

315. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Title VII, 42 U.S.C § 2000e et seq.

316. The foregoing unlawful actions by Defendant were purposeful.

317. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

318. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

319. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

320. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff prays that this Court will:

A. Declare that the acts complained of herein are in violation of Title VII of Civil Right Act of 1964.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104).

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

J. Grant Plaintiff a trial by jury.

K. Grant such other and further relief as the Court deems just and proper.

## COUNT XXVIII
### *Violation of Title VII of Civil Right Act of 1964: Discrimination Based on Race against* MARRIOTT VACATIONS WORLDWIDE CORPORATION

321. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1 through 35 of this initial complaint and states:

322. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful

employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin."

323. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

324. Defendant's decision to discriminate against Plaintiff was because of Plaintiff being Hispanic female of Cuban descent.

325. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Hispanic female of Cuban descent.

326. At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

327. The Plaintiff was qualified for the position apart from her apparent race.

328. The Plaintiff was discriminated against by her supervisor because she is a Hispanic female

329. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

330. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

331. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff

on account of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

332. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

333. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her race.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT XXIX

***Violation of Title VII of Civil Right Act of 1964: Discrimination Based on Sex against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

334. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

335. Plaintiff is a member of a protected class under the of Title VII of Civil Right Act of 1964.

336. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

337. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is male.

338. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

339. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

340. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

341. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

342. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

343. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

344. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII of Civil Right Act of 1964, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XXX**
***Violation of Title VII of Civil Right Act Of 1964: Hostile Work Environment. Against***
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**

337. Plaintiff re-adopts each and every factual allegation as stated in 1-35 of this Complaint as if set out in full herein.

338. Defendant is an employer as that term is used under the applicable statutes referenced above.

339. The foregoing allegations establish a cause of action for the foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff under Title VII of the Civil Rights Act of 1964.

340. Plaintiff as a Hispanic female is within a protected class as envisioned by Title VII of Civil Right Act of 1964.

341. During his employment with Defendant, Andrew Lennie subjected Plaintiff to unwelcome harassment.

342. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a Hispanic female. The harassment was decidedly severe, as Andrew Lennie had continuously harassed Plaintiff.

343. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as he continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a

timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when was terminated.

344. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

345. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

346. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, sex or national origin.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her race.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's

fees and further demands a trial by jury on all issues so triable.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 20, 2025

Respectfully submitted,

*/s/: Peter M. Hoogerwoerd*

Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgph.law
REMER, GEORGES-PIERRE, &
HOOGERWOERD, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone