**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-20297-DPG**

DAYMIRI BUERGO,

Plaintiff,

v.

INTERVAL INTERNATIONAL, INC. and MARRIOTT VACATIONS WORLDWIDE CORPORATION,

Defendants.
_______________________________________/

**JOINT SCHEDULING REPORT**

Plaintiff, Daymiri Buergo ("Plaintiff") and Defendants Interval International Inc. ("Interval") and Marriott Vacations Worldwide Corporation ("Marriott") (collectively, "Defendants") submit this Joint Scheduling Report and Proposed Scheduling Order pursuant to Rule 16.1 of the Local Rules for the United States District Court for the Southern District of Florida, and Rule 26(f) of the Federal Rules of Civil Procedure.

## I. Party Conference

On Friday, March 21, 2025 at 8:30AM, counsel for Plaintiff and Defendants attended a telephonic scheduling conference for the purposes prescribed by Fed. R. Civ. P. 26(f).

## II. Rule 26(f) Topics

### A. Changes in Timing, Form or Requirements Under Rule 26(a) of the Federal Rules of Civil Procedure.

The parties have agreed to exchange the initial disclosures set forth in Rule 26(a)(1)(A)-(D) of the Federal Rules of Civil Procedure within 30 days of the Rule 26(f) conference.

**B. Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and How Discovery Should be Conducted**

Each party may propound written discovery and may notice depositions as subject to any restrictions imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. The parties do not believe that discovery should be conducted in phases.

Additionally, the parties will serve discovery requests and responses via electronic mail in .pdf format. An original via U.S. Mail or hand delivery is not required. Service of responsive documents will be in .pdf format (unless the nature of the document prevents adequate conversion to paper or .pdf) via electronic mail or large file transfer. An original via U.S. Mail or hand delivery is not required. Responses to interrogatories, requests to produce, and requests for admission will include both the question posed followed by the response. Documents, including any electronic discovery, will be produced in .pdf format or by printing electronic documents (unless the nature of the document prevents adequate conversion to paper or .pdf) except for any Excel documents which will be produced in native form. Electronic discovery may, but is not required to, be produced in its natural form, unless the authenticity of a particular document becomes an issue in the case. All parties provide consent that e-mail is an acceptable method of serving litigation papers regarding discovery and all other matters pursuant to Fed. R. Civ. P. 5(b)(2). Each party to bear its own discovery costs unless otherwise agreed to.

**C. Any Issues Relating to Disclosure or Discovery of Electronically Stored Information ("ESI"), Including the Form or Forms in Which it Should Be Produced.**

The parties discussed ESI issues and agree as follows:

1. Each party will be responsible for its own costs of responding to discovery except as otherwise agreed or ordered by the Court. Neither party waives their right to assert that cost-shifting is appropriate as to any request made of that party.
2. The Plaintiff agrees to identify specific custodians whose ESI or other files may contain potentially responsive documents and whose files will then be searched

for responsive ESI. The parties agree to work together to develop a reasonable list of search terms to be applied to each custodians' files. If they are unable to agree to such a list, they will seek assistance from the Court.

3. Unless otherwise agreed upon by the parties or the Court, the parties will produce electronic documents in pdf format. The pdfs will be endorsed with a bates label that identifies the producing party. Subject to paragraph 4 below, no party shall be required to re-produce any previously produced document or ESI in a different form.

4. A party may make a request for production of a specific document(s) to be produced in native format only upon the showing of a particularized need. No party may seek to compel production of native files on a wholesale or categorical basis. Any request for re-production of ESI in native format must be made within 45 days from the date the Receiving party received the ESI.

**D. Any Issues Relating to Claims of Privilege or of Protection as Trial Preparation Material**

The parties agree that materials covered by the attorney-client privilege, or that constitute attorney work-product, shall not be subject to discovery. The parties further agree that inadvertent production of any such materials shall not be construed as a waiver of any applicable privilege. Should any party inadvertently produce any privileged materials or materials that constitute attorney work-product, the producing party shall immediately notify the recipient party, who shall return and destroy the inadvertently produced material within two business days of the request, together with any copies thereof. The parties agree that inadvertently produced materials subject to this agreement and/or the contents thereof, shall not be used in any way or for any purpose during the litigation of this case unless the Court determines that a privilege has been waived or does not apply. The parties further agree that communications between parties and their counsel need not be listed on any privilege log, even if otherwise responsive to a party's document requests.

**E. Whether Changes Should be Made to Limitations on Discovery**

None at this time.

### F. Other Orders that Should Be Entered by the Court Pursuant to Rules 16(b)(c), or 26(c) of the Federal Rules of Civil Procedure

The parties agree that, at this time, no additional orders need be entered by the Court pursuant to Rules 16(b)(c), or 26(c) of the Federal Rules of Civil Procedure. The parties will work together to prepare an Agreement Regarding Confidentiality, as needed and depending upon what documents are requested during discovery.

## III. Local Rule 16.1 Topics

### A. Case Track

The parties believe this case should be assigned to the standard case track.

### B. Likelihood of Settlement

The parties cannot assess the likelihood of settlement at this time. The parties will meet and confer regarding the possibility of a potential settlement at appropriate times during this action.

### C. Likelihood of Appearance of Additional parties

The parties do not anticipate additional parties appearing in this action.

### D. Proposed Limits on Time

The parties propose the following dates for those items listed in S.D. Fla. L. R. 16.1(b)(2)(C):

| Deadline | Date |
|---|---|
| Joinder of any additional parties and filing of motions to amend the complaint | April 28, 2025 |
| Written lists containing the names and addresses of all fact witnesses intended to be called at trial | December 15, 2025 |
| Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | Plaintiff: November 17, 2025<br>Defendants: December 17, 2025 |
| Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | January 16, 2026 |
| Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by | May 12, 2025 |

| Deadline | Date |
|---|---|
| Fact Discovery Deadline | February 9, 2026 |
| Expert Discovery Deadline | February 9, 2026 |
| Dispositive Motion Deadline | March 16, 2026 |
| Mediation Deadline | January 9, 2026 |
| All pretrial motions and memoranda of law, including motions in limine | May 25, 2026 |
| Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law | June 22, 2026 |
| Trial Date | July 20, 2026 |

**E. Proposals for the Formulation and Simplification of Issues**

None at this time. The parties will try to streamline the case to the fullest extent possible.

**F. Necessity or Desirability of Amendments to the Pleadings**

At this time, the parties do not anticipate amending the pleadings.

**G. The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information, or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information, or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence.**

At this time, it is unknown whether admissions of fact may be obtained, whether authenticity of documents will be an issue, or whether the parties will need advance rulings from the Court as to certain evidentiary matters. The parties agree to meet after the applicable discovery completion deadline to endeavor to resolve as many evidentiary issues as possible by means of admissions and stipulations.

**H. Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None at this time.

**I. Referring Matters to a Magistrate Judge or Master**

The parties agree to refer pre-trial discovery matters to the Magistrate Judge but do not agree to refer the trial or dispositive motions in this case to a Magistrate Judge.

**J. Preliminary Estimate of Time for Trial.**

The parties estimate that a jury trial will take approximate 5-7 days.

**K. Other Information Helpful to the Court**

At this time, the parties are unaware of the existence of any other matters that may aid the Court in the fair and expeditious administration and disposition of this case

Dated: April 3, 2025

*/s. Peter Hoogerwoerd*
Peter Hoogerwoerd
Fla. Bar: 0188239
pmh@rgph.law
REMER, GEORGES-PIERRE, &
HOOGERWOERD, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone
***Attorney for Plaintiff***

Respectfully Submitted,

/s/ William S. Weber
Joyce Ackerbaum Cox, Esq.
Florida Bar No.: 0090451
jacox@bakerlaw.com
dmanser@bakerlaw.com
William S. Weber, Esq.
Florida Bar No.: 1032238
wsweber@bakerlaw.com
kaskinner@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Ave., Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168
***Attorneys for Defendants***